```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

UNITED STATES OF AMERICA,      )
                               )
          v.                   ) CAUSE NO. 2:06 CR 175
                               )
THOMAS L. WALLACE              )
```

OPINION AND ORDER OF DETENTION

At the August 21, 2006 initial appearance, the government requested that the defendant, Thomas L. Wallace, be held without bond.  A detention hearing was scheduled for August 22, 2006.  By agreement of the parties, an order was entered committing the defendant to the United States Medical Center for Federal Prisoners to determine his competency to stand trial.  A detention hearing was conducted on December 13, 2006, and the court now makes the following findings of fact:

1. The defendant currently is charged in a one count indictment with a violation of 18 U.S.C. §2422(b).  If convicted, the defendant faces a mandatory minimum sentence of ten years imprisonment and a maximum sentence of life imprisonment.

2.  At the detention hearing, the government proffered evidence to supplement the probable cause affidavit filed in Cause No. 2:06 MJ 181, the indictment, and the prebond report.  The defendant called the case agent, Secret Service Agent Larry Brown, and also proffered evidence.

3. Between August 10, 2006 and August 16, 2006, the defendant engaged in a series of sexually explicit online conversa-

tions with an undercover police officer posing as a 13 year old girl.

4.   During the August 10 online conversation, the defendant masturbated in front of a webcam and also encouraged the "minor" to engage in similar conduct.

5.   During the conversations, the "minor" repeatedly told the defendant that she was 13 years old, and he expressed a concern that he would have legal problems for any sexual contact with her.

6.   Although the defendant graduated from high school, he was in special education classes while in school.  The defendant currently receives social security for his mental disability.

7.   The defendant was unemployed at the time of his arrest because of his disability.

8.   On November 1, 2005, the defendant was convicted of domestic battery and placed on probation for one year.  The defendant was on probation at the time of his arrest.

Under 18 U.S.C. §3142(e), a defendant may be detained as a danger to the community if he is charged with a crime of violence under Section 3142(f)(1)(A).  The defendant is charged with using the internet to solicit sex with someone he believed to be a 13 year old girl in violation of 18 U.S.C. §2422(b).  If this constitutes a crime of violence, there is a rebuttable presumption in favor of detention.

In *United States v. Munro*, 394 F.3d 865 (10th Cir. 2005), the defendant was charged with using the internet to solicit sex

with a minor in violation of Section 2422(b) along with carrying a firearm during a crime of violence in violation of 18 U.S.C. §924(c).  The Court of Appeals concluded that the attempted sexual abuse of a minor was a crime of violence and upheld the Section 924(c) conviction.  394 F.3d at 870-871.  *See also* ***United States v. Abad***, 350 F.3d 793, 798-99 (8th Cir. 2003) (where the defendant was charged with traveling in interstate commerce to engage in sexual activity with a minor in violation of 18 U.S.C. §2423(b), the Court of Appeals held that the defendant was charged with a crime of violence and that the district court erred in releasing the defendant on bond); ***United States v. Champion***, 248 F.3d 502, 506 (6th Cir. 2001) (in sentencing the defendant following his conviction under Section 2422(b) and other statutes designed to protect minors, it was held that the defendant was convicted of a crime of violence and that an enhancement was appropriate under Section 4B1.1 of the Sentencing Guidelines); ***United States v. Searcy***, 418 F.3d 1193, 1197 (11th Cir. 2005) (finding that a violation of Section 2422(b) was a crime of violence under Section 4B1.1).

In ***United States v. Vargas***, 332 F.3d 471 (7th Cir. 2003), the Seventh Circuit reviewed the Application Note to Section 2L1.2 and concluded that any sexual abuse of a minor constitutes a crime of violence.  332 F.3d at 473-74.  *See also* ***United States v. Martinez***, 250 F.3d 1101, 1105 (7th Cir. 2001) ("Engaging in sexual intercourse with a thirteen-year-old girl was a 'crime of violence'").

3

In *Doe v. Smith*, 2006 WL 3408797 (7th Cir. 2006), the Court of Appeals discussed whether a conviction for indecent solicitation of a child was admissible under Federal Rules of Evidence 413 and 415.  Under Rule 415(a), "evidence of that party's commission of another offense or offenses of sexual assault or child molestation is admissible" in a claim for damages against the perpetrator.  Rule 413(d)(5) defines "offense of sexual assault" to include "an attempt or conspiracy to engage" in that conduct.  In concluding that evidence of the conviction for indecent solicitation of a child was admissible, the Court of Appeals concluded:

>Smith's conduct is analogous to the defendants' conduct in cyber-molester cases . . . . There is no appreciable difference between attempted child sexual assault using telephonic means, as in this case, and electronic means, as in the cyber-molester cases.  We therefore conclude that Smith's solicitation of a child in 2004 constituted an attempt to commit a sexual offense against a minor.

The foregoing cases are consistent with the definition of "crime of violence" under Section 3156(a)(4)(B):

>the term "crime of violence" means -
>
>* * *
>
>(B)   any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense . . .

For purposes of Section 3156(a)(4)(B), a charge under Section 2422(b) is a crime of violence.

4

In determining whether detention is appropriate, one factor to be considered is "the weight of the evidence against the person . . . ."  Section 3142(g)(2) In the instant case, the government has a transcript of the entire conversation from the internet chat room along with a recording of the defendant masturbating in front of a webcam.

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ."  Section 3142(e)  Between August 10 and August 16, 2006, the defendant had a series of sexually explicit conversations with an undercover police officer posing as a 13 year old girl.  The defendant masturbated in front of a webcam and encouraged the "minor" to engage in similar conduct.  When the undercover police officer repeatedly told the defendant that she was only 13 years old, the defendant expressed concern about potential legal problems.

Although the defendant was in special education classes while in school and receives social security benefits because of this disability, he has displayed an ability to use computers and gain access to chat rooms.  The defendant also was on probation at the time of these conversations because of a domestic battery conviction.

Because of the ready availability of computers, it would be difficult to provide restrictions on the defendant's activities which would deny him access to a computer and minor children.

Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. §3142(e)

Pursuant to 18 U.S.C. §3142(i), it is further **ORDERED** that:

- A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

- B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

- C. The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 21st day of December, 2006

s/ Andrew P. Rodovich
United States Magistrate Judge